UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
June 01, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Asa Miller, | § | |
|　　　　Plaintiff, | § § § § | |
| versus | § | Civil Action H-22-1739 |
| Lloyd J. Austin, III, et al., | § § § | |
| 　　　　Defendants. | § | |

## Order Denying Temporary Restraint

Special Warfare Operator Second Class Asa Miller of the United States Navy is suing the secretaries of the Department of Defense and Department of the Navy for declaratory and injunctive relief concerning their mandates that all service members must be vaccinated against the COVID-19 virus. He is seeking a temporary restraining order to enjoin the Departments from enforcing the mandate nationwide and from discharging or separating any service member who refuses to be vaccinated with a vaccine in use under emergency use authorization.

To obtain a temporary restraining order, Miller must show that: (a) he has a substantial likelihood of success on the merits; (b) he would suffer a substantial threat of irreparable harm if the restraining order is not granted; (c) his threatened injury outweighs any harm the restraining order may cause the Departments; and (d) it would serve the public interest.[1]

A.　　*Substantial Likelihood.*

Miller claims that "[f]ederal law prohibits the military from requiring members to receive an EUA product." He insists that, under 21 U.S.C. § 360bbb-3(e)(1)(A), he has a right to accept or refuse the vaccine and that the

---

[1] *Opulent Life Church v. Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012).

Departments can only force him to get it if the President of the United States has waived the requirement under 10 U.S.C. § 1107(a)(1). Miller argues because the President has not signed a waiver, it is illegal for the Navy to separate him for being unvaccinated.

The key issue with Miller's argument is the selective recitation of the statutes. The full applicable text of 21 U.S.C. § 360bbb-3(e)(1)(A) says:

> With respect to the emergency use of an unapproved product, the Secretary ... shall ... establish such conditions on an authorization ... including ... (ii) appropriate conditions designed to ensure that individuals to whom the product is administered are informed ... (III) of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product.

The waiver addressed in 10 U.S.C. § 1107(a)(1) says:

> In the case of the administration of a product authorized for emergency use under [21 U.S.C. § 360bbb], the condition described in section [360bbb-3](e)(1)(A)(ii)(III) ... designed to ensure that individuals are informed of an option to accept or refuse administration of a product, may be waived only by the President if the President determines, in writing, that complying with such requirement is not in the interests of national security.

The next section concerning the waiver is enlightening:

> The waiver authority provided in paragraph (1) shall not be construed to apply to any case other than a case in which an individual is required to be *informed* of an option to accept or refuse administration of a particular product [given emergency use authorization].

The law only requires that Miller have been *informed* that he has a choice whether to get the vaccine or not and to be told of what consequences may follow if he decides to not get the vaccine. In his complaint, he refers to the Departments' guidance which clearly stated the exact requirement – get the vaccine or face separation. No waiver is required because he was told about having a choice and the consequence of refusing the vaccine. Neither 21 U.S.C. § 360bbb-3(e)(1)(A) nor 10 U.S.C. § 1107(a)(1) was violated, so success on the merits is weak.

B.  *Irreparable Harm.*

Miller says that he will be irreparably harmed because being forced to be vaccinated harms his "liberty interest," that he is barred from collecting monetary damages from the Departments, and he may be separated from the Navy. The court is sympathetic to these fears, so this factor does favor Miller.

C.  *Balance of Harms.*

Miller says that the Departments would not be harmed by temporary restraint because (a) no harm results from following the law and the letter of their own mandates and (b) most service members are already vaccinated regardless. As explained above, the Department has not violated the federal laws that Miller argues. The concern over whether the Departments are following their own mandate language – whether the Departments are able to offer their service members the proper form of the vaccine – is intriguing, but is better resolved with all parties participating.

His argument that most service members are already vaccinated is a fallacy. The Navy is harmed when some of its members refuse to abide by the rules it has established. A soldier who is more susceptible to disease – both in catching the disease and the potential side effects once caught – is a less effective soldier. A chain is as strong as its weakest link. The Navy has a clear interest in ensuring that every fleet, squadron, or task force is constantly prepared for whatever task it may face.

Because of the high standard that Miller must meet for the relief he seeks, the balance of harms favors neither him nor the Departments.

D. *Public Interest.*

Miller insists that the public interest favors temporary restraint because it is served "by maintaining our constitutional structure and maintaining the liberty of individuals to make intensely personal decisions according to their own convictions even, or perhaps particularly, when those decisions frustrate government officials" He also says that it is in the public interest that the Departments comply with federal law.

As stated before, it appears that the Departments are complying with the federal laws under which Miller has sued. The fact issue of what vaccines the Departments are able to secure is a separate question. As alluded to in the previous section, the public also has an interest in having a ready and able military to protect it.

The public interest prong favors neither party.

Because of the weakness of the success on the merits prong, Asa Miller's motion for a temporary restraining order is denied. (6)

Signed on June __1__, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge